UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO, JR.,

                         Plaintiff,

          -against-

FAUTO L.; FAUTO DOBLES,

                        Defendants.

1:19-CV-11958 (CM)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated January 6, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Ernest Calvino makes the following allegations:

[Defendants] claim to help me. Claim to transfer asset, money, propert[ies] bus[i]nesses w[hen] we make contact.

(*Id.* at 5.)

Plaintiff brings this suit against Defendants Fauto L. and Fauto Dobles for "damage to [Plaintiff's] personal image, emotional damage, mental damage, los[s] of money." (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Plaintiff has filed more than two dozen cases within the past month, many of which have already been dismissed as frivolous. See, e.g., *Calvino v. Jones*, ECF 1:19-CV-11601, 2 (S.D.N.Y. Dec. 23, 2019); *Calvino v. C.*, ECF 1:19-CV-11610, 2 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Internal Affe et al.*, ECF 1:19-CV-11611, 2 (S.D.N.Y. Dec. 23, 2019).

Plaintiff filed this and other frivolous actions even after the Court warned him in *Calvino*, ECF 1:19-CV-11601, 2 (S.D.N.Y. Dec. 23, 2019), that continuing to file frivolous actions would result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission. *See, e.g.*, *Calvino v. Miller*, ECF 1:19-CV-11952, 2 (S.D.N.Y. filed Dec. 30, 2019); *Calvino v. Baez*, ECF 1:19-CV-11955, 2 (S.D.N.Y. filed Dec. 30, 2019).

Accordingly, the Court directs Plaintiff to show cause by declaration why he should not be barred as of the date of this order from filing any further actions in this Court IFP without first

obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Plaintiff shall submit to this Court within thirty days of the date of this order, a written declaration setting forth good cause why the Court should not impose this pre-filing injunction. Should Plaintiff fail to submit a declaration within the time directed, or should Plaintiff's declaration fail to set forth good cause why this injunction should not be entered, he shall be barred from filing any further actions IFP in this Court without first obtaining permission from this Court to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff shall have thirty days to show cause by written declaration why an order should not be entered under 28 U.S.C. § 1651 barring Plaintiff, as of the date of this order, from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

Dated:   January 10, 2020
         New York, New York

                                COLLEEN McMAHON
                           Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____        _____
Executed on (date)              Signature

_____        _____
Name                                    Prison Identification # (if incarcerated)

_____   _____   _____   _____
Address                           City           State          Zip Code

_____        _____
Telephone Number (if available)         E-mail Address (if available)